UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JACKIE L. LADD, Pro Se, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:05-CV-350 |
| | ) | (VARLAN/GUYTON) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of plaintiff's letter[1], which is treated as a motion to remand [Doc. 9], and the defendant's motion for summary judgment. [Doc. 10]. Plaintiff Jackie L. Ladd, pro se, seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant met the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and was insured for benefits through December 31, 1995.

---

[1] Plaintiff includes as an attachment to his letter additional documentation, which includes medical records. [See Doc. 9].

2. The claimant has not engaged in substantial gainful activity at times relevant herein.

3. The claimant's left shoulder and adjustment disorders are considered to have been "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 through December 1995. His adjustment disorder imposed no more than mild restriction of activities of daily living and no more than mild to moderate limitation of ability to sustain concentration, persistence, or pace. He had no extended episodes of mental decompensation and functioned adequately outside of a highly supportive setting.

5. The undersigned finds the claimant's allegations regarding his limitations through December 31, 1995 are not totally credible for the reasons set forth in the body of the decision.

6. The claimant had the following residual functional capacity through December 31, 1995: a range of light exertion, provided he perform only occasional overhead reaching with the left arm, and no more than simple tasks involving no interaction with the public.

7. The claimant was unable to perform any of his past relevant work through December 31, 1995 (20 C.F.R. § 404.1565).

8. The claimant was a "younger individual between the ages of 18 and 44" for purposes of this decision (20 C.F.R. § 404.1563).

9. The claimant has a "high school (or high school

equivalent) education" (20 C.F.R. § 404.1564).

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. § 404.1568).

11. The claimant had the residual functional capacity to perform a significant range of light work (20 C.F.R. § 404.1567).

12. Although the claimant's exertional limitations did not allow him to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decisionmaking, there were a significant number of jobs in the national economy that he could perform through December 31, 1995. Examples of such jobs appear in the body of this decision.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time relevant to this decision (20 C.F.R. § 404.1520(f)).

(Tr. 278-79).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (unless the court is persuaded that the Secretary's findings are

3

"legally insufficient," they should not be disturbed).   Substantial  evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

Plaintiff argues on appeal that the ALJ's decision was based on an incomplete record.  In a letter dated September 30, 2005[2], plaintiff states that "[t]he files I received from the U S attorney general (postmarked 9/8/05) are incomplete.  For the last ten years, I have been trying to get my disability, and all of my records have not been considered in the hearings.  The records I received are mainly from the time of my accident on 6/20/94 through the time I filed for disability on 5/16/95."  [Doc. 9].  Plaintiff lists records from as early as August 7, 1996 through June 5, 2000 that he has not been able to recover, adding that he feels that he has not received a fair hearing because the Social Security Administration lost his records and because its decisions were based on incomplete records.  Id.

However, the Commissioner contends that the transcript contains the evidence probative of plaintiff's claim. She explains that this case, which has a lengthy procedural history, was remanded in August 2003 after the transcript had been lost, and after the remand, the ALJ held another hearing, completed the administrative record, and issued a new decision. (Tr. 273-79, 330-31).  Furthermore, the Commissioner notes that plaintiff was represented by an attorney at the administrative hearing, and at the close of the hearing, plaintiff's attorney stated she had no further evidence to present.  (Tr. 378).   The Commissioner notes that although plaintiff claims that the record is incomplete, all of the evidence he cites postdates December 31, 1995, the date his insured status expired.    Thus, the Commissioner contends that the evidence plaintiff

---

[2]The letter was prepared by Betty Ladd. [Doc. 9].

4

cites as missing from the transcript is not relevant to his claim.

The Commissioner maintains that the ALJ reasonably concluded that plaintiff retained the residual functional capacity ("RFC") to perform light work involving occasional overhead reaching with the left arm, only simple tasks, and no interaction with the public, and therefore, was not disabled because he could perform work consistent with these restrictions during the relevant period on or before December 31, 1995. (Tr. 278).

With respect to plaintiff's physical impairments, she insists that the medical opinions of record support the ALJ's RFC finding for light work. (Tr. 274, 276). Drs. Bounds and Schull, state agency, reviewing physicians, agreed that plaintiff could perform work that involved only occasional overhead reaching with the left arm. (Tr. 73-80, 106-13). Also, the ALJ observed that treating sources Drs. Stayanarayan, Hellman, Simpson, Cravens, and Johnson all declined to assess any physical limitations during the probative period on or before December 31, 1995 (Tr. 159-60, 175-76, 186-87, 194-95, 203). The Commissioner further notes that although Dr. McKellar determined in July 1994 that plaintiff could not perform work with his arms above shoulder level, the ALJ reasonably found that this was a temporary limitation because plaintiff was to return for further assessment of his shoulder functioning in two to three weeks (Tr. 171) and subsequent examinations in September 1994 and July 1995 indicated he had good passive range of motion and good musculature of his upper arms, and normal neurovascular functioning. (Tr. 189, 204).

With regard to plaintiff's mental functioning, the Commissioner asserts that Dr. Regan, a state agency, reviewing psychologist, determined that plaintiff could perform simple tasks not involving interaction with the public. (Tr. 104). She points out that although the ALJ

5

noted that plaintiff did not seek mental health counseling until after the expiration of his insured status (Tr. 275), the plaintiff actually underwent a consultative psychological examination in September 1995, just a few months before the expiration of his insured status on December 31, 1995. (Tr. 206-10). The Commissioner maintains that these examiners determined that plaintiff retained the ability to perform simple tasks, but found that he might be limited in his social interaction due to his irritability with his family members. (Tr. 206-07, 209-10). The Commissioner contends that the ALJ accommodated this finding by restricting plaintiff to work not involving interaction with the general public. Lastly, the Commissioner points out that plaintiff's credibility was a factor in light of his obtaining a crossbow hunting permit in 1995 (Tr. 276) and his wife's testimony that he went hunting after he obtained the permit. (Tr. 362-63).

After careful review, I find that substantial evidence supports the ALJ's decision. The ALJ reasonably found that plaintiff did not establish disability on or before his date last insured, December 31, 1995. (Tr. 71) Moon v. Sullivan, 923 F.2d 1175, 1182 (6th Cir. 1990) (to be entitled to disability insurance benefits, plaintiff must prove that he was disabled before the expiration of his insured status); 20 C.F.R. § 404.1512 ("In general, you have to prove to [the agency] that you are . . . disabled [. . . and] must bring to [the agency's] attention everything that shows that you are . . . disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s).").

Plaintiff has filed as an attachment numerous medical records, some of which are already included in the transcript record. [See Doc. 9, Attachment]. Although plaintiff argues that medical evidence **after** his date last insured, December 31, 1995, is relevant, post-date last

6

insured evidence is simply "outside the scope of our inquiry." Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993); Moon, 923 F.2d at 1182.

The ALJ's function is to determine what medical restrictions a plaintiff is under and how such restrictions affect his RFC, Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 247 (6th Cir. 1987), which is what the ALJ did in this case. He considered the record[3] as a whole and noted that "[m]any physicians appear to have declined to assess shoulder limitations through December 1995," citing physicians Satyanarayan, Hellman, Simpson, Cravens, and Johnson. (Tr. 159-60, 175-76, 186-87, 194-95, 203, 205, 276). Also, the ALJ noted that plaintiff "had a full range of passive shoulder motion and had good musculature and full bilateral grip strength in July 1995, within 12 months of Dr. McKellar's assessment." (Tr. 171, 189, 204, 276). Ultimately, the ALJ found, as had previous ALJs, that plaintiff could perform a light[4] level of work. (Tr. 276). As for plaintiff's alleged mental impairment, state agency, reviewing psychologist Dr. Regan in September 1995 found that plaintiff could perform simple tasks with no problems, and although he was unable to relate to the public, he had no problems with supervisors and co-workers and was able to adapt. (Tr. 104). Moreover, the consultative psychological examination that same month by psychological examiner Hardison and psychologist Valerio (Tr. 206-10) did not reveal any disabling mental impairment. With

---

[3]Although the ALJ did not cite the opinions of Drs. Bounds and Schull in his decision, both state agency, reviewing physicians found plaintiff could perform medium work and was limited in his ability to perform overhead reaching. (Tr. 74, 76, 107, 109) 20 C.F.R. § 202.1527(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.").

[4]Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. See 20 C.F.R. § 404.1567(b).

7

respect to plaintiff's vocational abilities, they found that

> [t]his evaluation indicated the ability to understand and remember simple instructions adequately. Concentration and attentional skills appeared adversely affected by his physical and emotional status. He denied any history of difficulties getting along with co-workers and supervisors when working however reported being quite irritable with his family since the accident. Strictly from a cognitive standpoint, the claimant appeared capable of making simple work related decisions. Also strictly from a cognitive standpoint, the claimant appeared capable of the same type of work he previously engaged in. Emotionally, he might experience some difficulty particularly with concentration and possibility [sic] irritability.

(Tr. 209-10). Thus, based upon these psychological assessments, I find no error with the ALJ's finding that plaintiff did not have a disabling mental impairment. (Tr. 275). In light of the foregoing, I find that the ALJ did not err in finding that plaintiff did not have a disabling physical or mental impairment before the expiration of his insured status on December 31, 1995.

Accordingly, it is hereby **RECOMMENDED**[5] that the plaintiff's letter, which is treated as a motion for a remand [Doc. 9], be **DENIED** and that the defendant's motion for summary judgment [Doc. 10] be **GRANTED**.

Respectfully submitted,

      s/H. Bruce Guyton      
United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).