UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JACKIE L. LADD, *Pro Se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:05-CV-350 |
| ) | (VARLAN/GUYTON) |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of plaintiff's objections [Doc. 13] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 12]. Magistrate Judge Guyton found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's letter [Doc. 9], which was treated as a motion for remand, be denied and that defendant Commissioner's motion for summary judgment [Doc. 10] be granted.

The Court considers only specific objections to the magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. In considering the plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff's objections [Doc. 13] contain fourteen points. However, they fall in into three categories and they will be grouped accordingly.

Plaintiff's first objection is: "Later medical records not considered, even though they are ongoing records of medical problems that began in 1994 and have continued through the years. These are records of continuing treatment of the injuries suffered in 1994." As noted by Judge Guyton and as repeated throughout the record, the last date of plaintiff's insured status was December 31, 1995. Therefore, plaintiff must prove that he was disabled on or before December 31, 1995, in order to qualify for disability benefits. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990). Medical evidence after December 31, 1995 simply has no bearing on whether the plaintiff was disabled during the relevant time period. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). This objection is overruled.

Plaintiff's second category of objections, numbered 2 through 13, fall under the following general objection: "All physical and mental problems I am experiencing today stems from the incident in 1994, and are not unrelated problems." Objections 3 through 12 identify various dates

within his medical records which plaintiff contends demonstrate such continuing treatment. In objection 13, plaintiff reiterates, "I believe all records should be considered, since they are for continuing treatment of the injuries that occurred in 1994. I saw Dr. Cravens in 1994 for this injury, and continued seeing him for the same problem through 1997. After Dr. Cravens retired in 1997, I continued seeing other doctors in this office for these ongoing problems." The records which post-date December 31, 1995 may in fact show that plaintiff continued to receive treatment for injuries or symptoms which existed before December 31, 1995. However, as noted above, post-December 31, 1995 records do not demonstrate that plaintiff was disabled on or before that date and are therefore not relevant. With respect to the records identified pre-December 31, 1995, those records were considered by both the ALJ and by Judge Guyton. After considering these records, Judge Guyton concluded that the ALJ did not err in finding that plaintiff did not have a disabling physical or mental impairment before the expiration of his insured status on December 31, 1995. That conclusion is supported by substantial evidence in the record and these objections (2-13) are overruled.

Plaintiff's final objection, number 14, is that "this matter should be decided at a hearing instead of by summary judgment." This argument is without merit. It is well-settled that a motion for summary judgment is a proper means for the district court to review the opinion of the Secretary and that such review is strictly limited to whether there is substantial evidence in the record to support the Secretary's decision. *Pliley v. Sullivan*, 892 F.2d 35, 37 (6th Cir. 1989). Accordingly, this objection is overruled.

Finding no error in the report and recommendation, the Court will overrule plaintiff's objections; deny plaintiff's motion for remand; grant defendant's motion for summary judgment;

3

affirm the defendant Commissioner's decision in this case denying plaintiff's application for disability insurance benefits and supplemental security income; and dismiss this case. An order reflecting this opinion will be entered.

                                                     s/ Thomas A. Varlan
                                                     UNITED STATES DISTRICT JUDGE